**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DIANNE BUEHLER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>JETBLUE AIRWAYS CORPORATION and AMERICAN AIRLINES GROUP INC.,<br><br>      Defendants. | Civil Action No.: 1:23-cv-10281-LTS |

<u>**MEMORANDUM IN SUPPORT OF
AMERICAN AIRLINES GROUP INC. AND JETBLUE AIRWAYS CORPORATION'S
MOTION TO DISMISS OR TRANSFER
UNDER THE FIRST-TO-FILE RULE OR 28 U.S.C. § 1404(A)**</u>

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...........................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.....................................................................3

ARGUMENT .................................................................................................................................6

I.      THE COURT SHOULD DISMISS OR TRANSFER THIS CASE UNDER THE
FIRST-TO-FILE RULE .....................................................................................................6

II.    ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS CASE TO
THE EDNY UNDER 28 U.S.C. § 1404(A)......................................................................11

        A.      Interests In Efficiency And Justice Weigh Heavily In Favor Of Transfer ............11
        B.      The Other 1404(a) Factors Also Weigh In Favor Of Transfer .............................13

III.    THE DOJ ACTION SHOULD HAVE NO BEARING ON THIS MOTION...................14

CONCLUSION.............................................................................................................................15

## **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Adoma v. Univ. of Phoenix, Inc.*,
    711 F. Supp. 2d 1142 (E.D. Cal. 2010)......................................................................8

*Behring Reg'l Ctr. LLC v. Wolf*,
    No. 20-CV-09263, 2021 WL 1164839 (N.D. Cal. Mar. 26, 2021).........................................14

*Cianbro Corp. v. Curran-Lavoie, Inc.*,
    814 F.2d 7 (1st Cir. 1987).................................................................................6, 11

*Civitas Mass. Reg'l Ctr., LLC v. Mayorkas*,
    No. 1:21-cv-10344-LTS (D. Mass. Jan. 19, 2022) (Sorokin, J.), ECF No. 39 .........................6

*Coady v. Ashcraft & Gerel*,
    223 F.3d 1 (1st Cir. 2000).................................................................................11

*Cruz-Acevedo v. Unilever U.S., Inc.*,
    No. 15-2175 ADC, 2016 WL 9460633 (D.P.R. Sept. 26, 2016).......................................8, 10

*Dress v. Cap. One Bank (USA), N.A.*,
    368 F. Supp. 3d 178 (D. Mass. 2019) ..................................................................13, 14

*Gardner v. GC Servs., LP*,
    No. 10-CV-997, 2010 WL 2721271 (S.D. Cal. July 6, 2010) ................................................15

*Goggins v. All. Cap. Mgmt., L.P.*,
    279 F. Supp. 2d 228 (S.D.N.Y. 2003).......................................................................13

*Highfields Cap. I LP v. Perrigo Co., PLC*,
    No. CV 19-10285, 2020 WL 1150000 (D. Mass. Mar. 10, 2020)....................................12, 13

*Jimenez v. Kohl's Dep't Stores, Inc.*,
    480 F. Supp. 3d 305 (D. Mass. Aug. 14, 2020) ...........................................................7, 11

*Kelly v. Gerber Prods. Co.*,
    No. 21-60602-CIV, 2021 WL 2410158 (S.D. Fla. June 11, 2021).........................................10

*Letbetter v. Local 514, Transp. Workers Union of Am.*,
    No. 14-CV-00125, 2014 WL 4403521 (N.D. Okla. Sept. 5, 2014).........................................8

*Maldonado-Cabrera v. Anglero-Alfaro*,
    26 F.4th 523 (1st Cir. 2022)................................................................................7

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Mead Johnson & Co.*,
No. 11-10042, 2011 WL 6148656 (D. Mass. Dec. 8, 2011)....................................................12

*Norrid v. DARP, Inc.*,
No. 17-CIV-401, 2018 WL 2977384 (E.D. Okla. June 13, 2018)............................................8

*Ridenti v. Google LLC*,
530 F. Supp. 3d 164 (D. Mass. 2021) ...................................................................................14

*Schawbel Techs. LLC v. Heat Factory USA, Inc.*,
No. 18-cv-10227-LTS, 2018 WL 4440545 (D. Mass. Sept. 17, 2018) ..............................6, 10

*Tate-Small v. Saks Inc.*,
No. 12 CV 1008 HB, 2012 WL 1957709 (S.D.N.Y. May 31, 2012) .....................................15

*Thakkar v. United States*,
389 F. Supp. 3d 160 (D. Mass. 2019) ..................................................................................7, 8

*TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*,
91 F.3d 1 (1st Cir. 1996)........................................................................................................6

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
967 F. Supp. 2d 1289 (N.D. Cal. 2013) ..................................................................................8

*Wiley v. Gerber Prods. Co.*,
667 F. Supp. 2d 171 (D. Mass. 2009) .............................................................................12, 14

## STATUTES

28 U.S.C.
§ 1331..................................................................................................................................11
§ 1391(c)(2) .........................................................................................................................11
§ 1404(a) ....................................................................................................................... *passim*

15 U.S.C.
§ 1.........................................................................................................................3, 4, 5, 10
§ 2.............................................................................................................................5, 10
§ 22.....................................................................................................................................11

Defendants American Airlines Group Inc. ("American") and JetBlue Airways Corporation ("JetBlue") respectfully submit this memorandum in support of their motion to dismiss or transfer this case under the first-to-file rule or, alternatively, to transfer under 28 U.S.C. § 1404(a).

## INTRODUCTION

This action is one of four putative class action complaints filed by purported customers against American and JetBlue that allege that the Northeast Alliance (the "NEA") violates the Sherman Act and seek treble damages from Defendants.  The first two complaints were filed in the Eastern District of New York (the "EDNY") in early December 2022.  In January 2023, Judge Donnelly in the EDNY consolidated those cases, captioned the consolidated case "*In re American Airlines/JetBlue Antitrust Litigation*" (the "Consolidated Action"), appointed interim co-lead class counsel, set a deadline for a Consolidated Amended Complaint and response, and ordered the consolidation of all NEA-related putative class action cases subsequently filed in or transferred to the EDNY into the Consolidated Action.

Nearly two months after the first two complaints were filed and three weeks after Judge Donnelly's consolidation order, Plaintiff Dianne Buehler filed a substantially similar complaint in this Court.  Another plaintiff filed a third substantially similar complaint in the EDNY shortly after the complaint was filed in this Court, and all parties to the three related EDNY complaints expect this third EDNY case to be consolidated with the Consolidated Action.  Under the well-established first-to-file rule, this case should be dismissed or, at a minimum, transferred to the EDNY, in deference to the first-filed Consolidated Action.

Alternatively, the interests of justice and convenience overwhelmingly favor transfer under the traditional balancing test of 28 U.S.C. § 1404(a).  Allowing this action to proceed in this Court while three other putative class actions proceed in the EDNY would result in unnecessary waste of judicial resources, would expose the parties to the risk of inconsistent rulings regarding the same

factual and legal questions, and potentially could result in duplicative discovery efforts requiring document productions and testimony from the same witnesses regarding the same issues in two different jurisdictions. Additionally, the EDNY is the most convenient forum to resolve Plaintiff's claims. JetBlue is headquartered in the EDNY and many of its crewmembers[1] (including the vast majority of those who developed and implemented the NEA) reside in New York, and American operates a hub in New York; thus, litigating this action in that district will be more convenient for many of the likely witnesses.

The pending litigation between Defendants and the U.S. Department of Justice ("DOJ") and state attorneys general involving the NEA, *United States v. American Airlines Group Inc.*, No. 21-cv-11558-LTS (D. Mass.) (the "DOJ Action"), does not warrant keeping Plaintiff's case in this Court. Although this Court is well-versed on the facts relating to the formation and implementation of the NEA, discovery and trial in the DOJ Action are well behind us, while this case has just started. If these claims survive dismissal, and if litigation proceeds in two different venues, there will be costly motion practice and potentially duplicative discovery that cannot be coordinated in any way with the discovery and litigation that is now completed in this Court. Moreover, Plaintiff's complaint raises numerous issues—including legal issues related to class definition and the appropriateness of class certification, antitrust impact, and the calculation of damages—that were not addressed in the DOJ Action. This Court's familiarity with the transaction, accordingly, holds little weight in the § 1404(a) transfer analysis. And, any efficiencies to be gained by litigating this case in this Court are plainly outweighed by countervailing interests of justice and convenience.

---

[1] JetBlue refers to its employees as crewmembers.

Defendants therefore respectfully request that the Court either dismiss this action in deference to the EDNY or transfer it under either the first-to-file rule or 28 U.S.C. § 1404(a).

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant JetBlue is a Delaware corporation, with its headquarters in Long Island City, New York.  Compl. ¶ 19.  Defendant American is a Delaware corporation, with its headquarters and base of operations located in Fort Worth, Texas.  *Id.* ¶ 18.  American operates hubs in several U.S. cities, including in New York City.  *Id.*

On July 15, 2020, American and JetBlue entered into the NEA with the stated goal of "creat[ing] seamless connectivity for travelers in the Northeast and more choice for customers across their complementary domestic and international networks" by "enhanc[ing] each carrier's offerings in New York and Boston," as well as "accelerat[ing] each airline's recovery as the travel industry adapts to new trends as a result of the [COVID-19] pandemic."  *Id.* ¶¶ 77, 103.  The NEA is a joint venture through which American and JetBlue work together to optimize their networks.  *Id.* ¶¶ 83, 103.  It covers American's and JetBlue's flights to/from Boston Logan International Airport ("BOS") and to/from John F. Kennedy International Airport ("JFK"), LaGuardia Airport ("LGA"), and Newark Liberty International Airport ("EWR") (collectively, "the NEA airports"), except a few carved out routes.  *Id.* ¶ 91.  American and JetBlue began implementing the NEA in February 2021 after the U.S. Department of Transportation terminated its review, subject to certain ongoing commitments.  Compl. ¶¶ 102, 116.

On September 21, 2021, the DOJ and several state attorneys general sued to enjoin the continued operation of the NEA, alleging that the agreement violates Section 1 of the Sherman Act, 15 U.S.C. § 1.  Compl. ¶ 118; *see generally* Compl., DOJ Action, ECF No. 1.  Trial commenced on September 27, 2022.  Compl. ¶ 122.  During trial, the DOJ did not pursue a case alleging that the NEA had already caused harm, but rather, its case was based on the assertion that

the NEA will likely cause future harm.  The parties delivered closing arguments in the DOJ Action on November 18, 2022, and that case remains pending a decision from this Court.  *See* Elec. Clerk's Notes, DOJ Action (Nov. 18, 2022), ECF No. 327.

After trial in the DOJ Action concluded, on December 5, 2022, plaintiff Katrina Berger filed a complaint in the EDNY on behalf of a proposed class of customers against American and JetBlue, alleging that the NEA violates Section 1 of the Sherman Act and seeking damages and other relief on behalf of herself and a proposed consumer class.  *See* Compl., *Berger v. JetBlue Airways Corp.*, No. 1:22-cv-07374 (E.D.N.Y. Dec. 5, 2022), ECF No. 1 ¶¶ 73, 80–87 ("*Berger*"). Two days later, another plaintiff, Toni Guerin, filed a nearly identical complaint in the EDNY, alleging the same facts and the same causes of action on behalf of the same proposed class.  *See* Compl., *Guerin v. JetBlue Airways Corp.*, No. 1:22-cv-07423 (E.D.N.Y. Dec. 7, 2022), ECF No. 1 ¶¶ 73, 80–86 ("*Guerin*").  Both complaints allege that the plaintiffs paid artificially inflated prices because of the NEA and seek treble damages.  *See Berger* ¶¶ 86, 87(c); *Guerin* at 24–25. Both plaintiffs seek to represent a class of consumers who allegedly purchased tickets directly from American and JetBlue for travel to/from the NEA Airports from the announcement of the NEA to the present day.  *See Berger* ¶ 73; *Guerin* ¶ 73.

On January 10, 2023, Judge Donnelly in the EDNY consolidated *Berger* and *Guerin*, captioned the case "*In re American Airlines/JetBlue Antitrust Litigation*," and appointed those plaintiffs' counsel as Interim Co-Lead Class Counsel.  *See generally* Mem. & Order, *Berger*, ECF No. 25 ("Consolidation Order").  Judge Donnelly also ordered the consolidation of all NEA-related putative class action cases subsequently filed in or transferred to the EDNY into the Consolidated Action, creating a mechanism for the efficient adjudication of additional filed actions.  *Id.* ¶¶ 4–5. Following Judge Donnelly's order, the plaintiffs filed a Consolidated Amended Complaint, *see*

Consol. Am. Compl., Consolidated Action, Lead Case No. 22-cv-07374 (E.D.N.Y. Feb. 3, 2023), ECF No. 33.

On February 15, 2023, plaintiffs Jill Kupferberg and Nancy Goodman filed a third related complaint against American and JetBlue in the EDNY.  *Kupferberg v. Am. Airlines Grp. Inc.*, No. 23-cv-01220 (E.D.N.Y. Feb. 15, 2023), ECF No. 1 ("*Kupferberg*").  Like the two pending actions in the EDNY, the *Kupferberg* plaintiffs allege that consumers who purchased tickets directly from American and JetBlue for airfare to or from the NEA Airports paid higher prices because of the NEA.  *See id.* ¶ 104.  In addition to the same Sherman Act Section 1 claim asserted in *Berger* and *Guerin*, the *Kupferberg* plaintiffs added monopolization and attempted monopolization claims under Section 2 of the Sherman Act.  *See id.* ¶¶ 118–57.  *Kupferberg* was reassigned to Judge Donnelly on February 24, 2023 as related to the Consolidated Action.  Order Reassigning Case, *Kupferberg* (Feb. 24, 2023).  All parties to the three EDNY actions expect *Kupferberg* to be consolidated with the Consolidated Action.

Meanwhile, in this Court, Plaintiff Dianne Buehler filed this lawsuit against American and JetBlue on February 2, 2023, nearly two months after the *Berger* and *Guerin* complaints were filed in the EDNY.  The *Buehler* complaint is substantially similar to the three EDNY complaints; it seeks treble damages under Sections 1 and 2 of the Sherman Act on behalf of a proposed class of direct purchasers who allegedly paid artificially inflated prices for airline tickets because of the NEA.  Compl. ¶¶ 248, 255, 270–316.  Buehler's complaint differs from the EDNY complaints in only two ways:  (1) it contains additional factual allegations relating to the NEA that appear to have been taken from the publicly-available trial record in the DOJ Action; and (2) Plaintiff's proposed class includes consumers who allegedly purchased tickets not only from American and JetBlue but also from Defendants' competitors (*e.g.*, Delta, United).  *See* Compl. ¶¶ 248, 255.

Following the filing of *Buehler*'s complaint, EDNY Magistrate Judge Merkl vacated the motion to dismiss briefing schedule that had been in place since January 13, 2023 in anticipation of the prospective transfer of this action to the EDNY.  Text Order, Consolidated Action (Mar. 6, 2023).  The court further ordered that within 21 days of transfer and consolidation of *Buehler* into the Consolidated Action, the collective plaintiffs are to file their Second Consolidated Amended Complaint, and also set a schedule for Defendants to respond.  *Id.*

## ARGUMENT

### I.   THE COURT SHOULD DISMISS OR TRANSFER THIS CASE UNDER THE FIRST-TO-FILE RULE

The First Circuit has recognized that "[o]bvious concerns arise when actions involving the same parties and similar subject matter are pending in different federal district courts:  wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs."  *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996).  "To resolve such tensions, courts rely primarily on common sense and historical practice."  *Id.*  "Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer."  *Id.*; *see also Schawbel Techs. LLC v. Heat Factory USA, Inc.*, No. 18-cv-10227-LTS, 2018 WL 4440545, at *1 (D. Mass. Sept. 17, 2018) (Sorokin, J.) ("Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." (quoting *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987))).  "The [First-to-File] Rule allows courts to stay, transfer, or dismiss a pending action when a previously filed case involves substantially similar parties and issues."  Order on Mot. to Dismiss or Transfer, *Civitas Mass. Reg'l Ctr., LLC v. Mayorkas,* No. 21-cv-10344-LTS (D. Mass. Jan. 19, 2022), ECF

No. 39 (Sorokin, J.). "[The] power to *dismiss* a duplicative lawsuit is meant to foster judicial economy and the comprehensive disposition of litigation." *Maldonado-Cabrera v. Anglero-Alfaro*, 26 F.4th 523, 526–27 (1st Cir. 2022) (internal quotations and citations omitted) (emphasis added).

When deciding whether to apply the first-to-file rule, courts consider: "(1) which action was filed first; (2) the similarity of the parties; and (3) the similarity of the issues." *Jimenez v. Kohl's Dep't Stores, Inc.*, 480 F. Supp. 3d 305, 306 (D. Mass. Aug. 14, 2020). All three factors warrant either dismissal or transfer here.

First, Plaintiff filed this case on February 2, 2023, nearly two months after *Berger* and *Guerin*, and three weeks after the Consolidation Order.

Second, Plaintiff named the same defendants, American and JetBlue, and purports to represent a class that substantially overlaps with the proposed classes in *Berger* and *Guerin*. In all three of these cases, all purchasers of air travel from American and JetBlue for travel to or from Boston and New York are proposed class members. *Compare* Compl. ¶ 255, *with* Consol. Am. Compl. ¶ 84. And because Plaintiff "meets the class definition's requirements" in the Consolidated Action, the plaintiffs are also "sufficiently similar under the first-to-file rule." *Thakkar v. United States*, 389 F. Supp. 3d 160, 172 (D. Mass. 2019). Plaintiff alleges that she purchased tickets directly from JetBlue in 2022 for a trip from Boston to Savannah, Georgia, Compl. ¶ 17; thus she is a putative member of the proposed class in the Consolidated Amended Complaint. Consol. Am. Compl. ¶ 84 (purporting to represent all purchasers from American and JetBlue for travel to or from Boston and New York).

Importantly, the parties to this action and the Consolidated Action are sufficiently similar under the first-to-file rule notwithstanding that Plaintiff seeks to represent a broader class than that

in the Consolidated Action.  The rule requires parties to substantially overlap, not to be identical.
*See Thakkar*, 389 F. Supp. 3d at 172 ("[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity." (internal quotations and citations omitted)).  In class actions, this means that proposed classes "are substantially similar where both classes seek to represent at least some of the same individuals." *Letbetter v. Local 514, Transp. Workers Union of Am.*, No. 14-CV-00125, 2014 WL 4403521, at *6 (N.D. Okla. Sept. 5, 2014) (quoting *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013)); *see also Cruz-Acevedo v. Unilever U.S., Inc.*, No. 15-2175 ADC, 2016 WL 9460633, at *5 (D.P.R. Sept. 26, 2016) (finding "substantial overlap" where defendants were the same and the class alleged in the first-filed action was "contained within" that of the second-filed); *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) (finding similar parties where the defendants are identical and "the proposed classes for the collective actions are substantially similar in that both classes seek to represent at least some of the same individuals").  Indeed, as the Eastern District of Oklahoma explained in *Norrid v. DARP, Inc.*, the "first-to-file rule would be illogical and self-defeating if courts could not dispense with second-filed class actions featuring somewhat larger classes."  No. 17-CIV-401, 2018 WL 2977384, at *3 (E.D. Okla. June 13, 2018).

In *Norrid*, the court transferred an action to the first-filed jurisdiction where both sets of plaintiffs sought to represent the defendants' employees in Arkansas, notwithstanding that the later filed complaint proposed a broader class that also included employees from Oklahoma.  *Id*. at *2–3.  The court held that the plaintiffs in the two cases were substantially similar even where the later proposed class was broader than the initial proposed class because "both classes [sought] to represent at least some of the same individuals." *Id.*  So too here.  Both the EDNY plaintiffs and

Buehler define their putative classes to include consumers who purchased tickets directly from American and JetBlue.  *Compare* Compl. ¶ 255, *with* Consol. Am. Compl. ¶ 84.

Third, the issues raised in Plaintiff's complaint are "substantially similar" to the issues in the Consolidated Action because they "turn on similar determinations of fact and seek to resolve similar legal issues."  *Thakker*, 389 F. Supp. 3d at 173–74.  Both allege that the NEA violates the Sherman Act and that consumers have paid more for airline tickets as a result.  And because their legal claims are nearly identical, the complaints easily satisfy the "substantially similar" test:  they define the same relevant antitrust market,[2] recite the same alleged market shares,[3] invoke the same third-party characterizations of the NEA from the DOJ and other airlines regarding the NEA's alleged harm to competition,[4] and seek nearly identical relief.  Both actions seek (1) class certification; (2) a determination that the NEA violates the Sherman Act; (3) damages, including treble damages; (4) a permanent injunction against the NEA; (5) a permanent injunction against the sharing of competitively sensitive information between American and JetBlue; (6) pre- and post-judgment interest; (7) attorneys' fees; and (8) any other equitable relief.  *Compare* Compl. ¶ ¶ 317, *with* Consol. Am. Compl. at 27–29.

_____

[2] *Compare* Compl. ¶ 189 ("The relevant antitrust market is the market for scheduled commercial air passenger service in the United States."), *with* Consol. Am. Compl. ¶ 21 ("The relevant market in this Action is the market for airline flights out of airports in the United States . . . .").

[3] *Compare* Compl. ¶ 173(a)–(k) (alleging American and JetBlue "have no less than a 49.8% share of the market on each non-stop route they fly that touches" BOS and listing 11 city pairs) *and* ¶ 177 ("[D]efendants have a combined revenue share of over 31% for each of the 18 routes between JFK/LaGuardia or Newark Liberty and major airports . . . ."), *with* Consol. Am. Compl. ¶ 59(a)–(k) (alleging American and JetBlue "have a combined revenue share of over 49.8%" in "routes between Boston Logan and 12 major airports" and listing 11 city pairs) *and* ¶ 61 ("[F]or routes between JFK/LaGuardia or Newark Liberty and 18 major airports, Defendants have a combined revenue share of over 31% . . . .").

[4] *Compare* Compl. ¶¶ 117–135, 237, *with* Consol. Am. Compl. ¶¶ 72–76.

The fact that Plaintiff asserted claims under Section 2 of the Sherman Act does not undermine the first-to-file rule's application here. The later-filed claims need not be identical for the first-to-file rule to apply. *See Kelly v. Gerber Prods. Co.*, No. 21-60602-CIV, 2021 WL 2410158, at *3 (S.D. Fla. June 11, 2021) (applying the rule notwithstanding that the later filed complaint alleged different claims); *Cruz-Acevedo*, 2016 WL 9460633, at *5 ("[A]lthough some of the statutes invoked by plaintiffs in [the first-filed action] are different than in the instant case, the substantive questions the Court will be called upon to answer in both cases are identical." (internal quotations and citations omitted)).

In *Kelly*, the Southern District of Florida held that transfer was appropriate even though the plaintiff asserted claims that differed from the class actions already pending in another court. 2021 WL 2410158, at *3. There, the court rejected the plaintiff's argument that the new claims were "too dissimilar," holding that as long as the issues and parties overlap, "[r]aising new claims . . . does not defeat the first-to-file rule." *Id.* Because the new claims "ar[o]se from the identical set of circumstances," the court found that the rule applied. *Id.* The same rationale applies here. Plaintiff's Section 2 claims are based on the same conduct and "set of circumstances" that gave rise to her—and the other class action plaintiffs'—Section 1 claims. Moreover, Plaintiff's Section 2 claims are not unique to this action. *Kupferberg*, which was filed on February 15 in the EDNY, includes identical claims, and is expected to be consolidated with the Consolidated Action.

This Court has repeatedly applied the first-to-file rule to cases like this one, and it should dismiss or transfer on the same grounds here. *See, e.g.*, *Schawbel Techs. LLC*, 2018 WL 4440545 at *1-2 (dismissing a case that was "sufficiently identical" to a prior filed case pending in the Southern District of California where the identities of the parties in each suit were identical and the issues were substantially similar, such that there could be no dispute that the first-to-file rule

applied); *Jimenez*, 480 F. Supp. 3d at 307 (transferring case to the Eastern District of Wisconsin under the first-to-file rule because the parties were substantially similar to the earlier filed action and both cases alleged that the defendants failed to compensate employees for overtime hours, and thus raised substantially similar issues).

## II.   ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS CASE TO THE EDNY UNDER 28 U.S.C. § 1404(A)

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district where it may have been brought '[f]or the convenience of parties and witnesses, in the interest of justice.'"  *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000) (quoting 28 U.S.C. § 1404(a)).  In addition to the convenience of parties and witnesses, in determining whether transfer is appropriate under 28 U.S.C. § 1404(a), courts consider the availability of documents; the possibility of consolidation; and the order in which the court obtained jurisdiction.  *Id.* (citing *Cianbro Corp.*, 814 F.2d at 11).  There is no question that Plaintiff could have brought this action in the EDNY,[5] and the balance of interests of justice and convenience favors transferring this case to the EDNY.  Therefore, if the Court declines to transfer or dismiss this case under the first-to-file rule, it should transfer it to the EDNY under 28 U.S.C. § 1404(a).

### A.   Interests In Efficiency And Justice Weigh Heavily In Favor Of Transfer

Transfer is clearly appropriate because it serves the "underlying purpose of § 1404(a) . . . to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public

---

[5] The EDNY has both subject matter jurisdiction and personal jurisdiction.  As to the former, Plaintiff's claims arise under federal law.  *See* Compl. ¶ 20; 28 U.S.C. § 1331.  And as to the latter, both Defendants regularly conduct business in New York, and JetBlue's headquarters are located within the EDNY.  Clayton Act §12, 15 U.S.C. § 22 ("Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business . . . ."); *see* Compl. ¶¶ 18–19.  Venue is therefore also proper in the EDNY.  28 U.S.C. § 1391(c)(2).

against unnecessary inconvenience and expense." *Highfields Cap. I LP v. Perrigo Co., PLC*, No. CV 19-10285, 2020 WL 1150000, at *2 (D. Mass. Mar. 10, 2020) (internal quotations and citation omitted). This case was filed approximately two months after two nearly identical cases were filed and subsequently consolidated into a single case in the EDNY. Judicial economy dictates that all cases should proceed together in the jurisdiction where the first cases were filed and consolidated. Indeed, this case is the only putative class action related to the NEA not filed in the EDNY, even though Plaintiff surely knew that earlier cases had been filed and consolidated in that court given that several of Plaintiff's allegations are taken verbatim from the original EDNY complaints.

Courts "can and should consider consolidation in its decision to transfer," and thus, "the proper inquiry is not whether Massachusetts is more convenient than [the transferee court] in the abstract but instead whether sanctioning a second, nearly identical action here is more convenient than transferring the case for the purpose of consolidation." *Wiley v. Gerber Prods. Co.*, 667 F. Supp. 2d 171, 173 (D. Mass. 2009). As an initial matter, briefing and a decision on a single motion to dismiss, rather than multiple motions to dismiss in different venues, would, of course, be far more convenient for both the parties and the court. And even if this action proceeds beyond the pleadings, litigating nearly identical cases in parallel would require the parties to engage in costly, duplicative motion practice and discovery, concerning the same legal issues and operative facts, in two different courts at the same time. That result would not only be inefficient and a waste of all parties' resources, but would create "the risk of inconsistent rulings, especially with respect to potential discovery disputes." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Mead Johnson & Co.*, No. 11-10042, 2011 WL 6148656, at *14 (D. Mass. Dec. 8, 2011).

On this point, *Highfields* is instructive. In that case, fifteen actions were pending in New Jersey against the same defendants alleging similar federal securities violations. 2020 WL

12

1150000, at *1.  Considering the likelihood that the case would be coordinated or consolidated with those actions upon transfer, Judge O'Toole concluded that the "convenience and the interests of justice [would be] well-suited by transfer to the District of New Jersey" because consolidation would "prevent the waste of time, energy, and money and . . . protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Id*. at 2 (internal quotations and citations omitted).[6]  This Court should reach the same result here.

### B.        The Other 1404(a) Factors Also Weigh In Favor Of Transfer

Transferring this case to the EDNY for consolidation with the Consolidated Action will also be substantially more convenient for the parties' witnesses if the action proceeds beyond the pleading stage.  Absent transfer, witnesses would be forced to offer duplicative testimony in two separate but nearly identical litigations at the same time.  That result would be incredibly inefficient and *inconvenient* for every witness called to testify.

Additionally, as between the two jurisdictions, New York is by far the more convenient forum for most witnesses—the vast majority of whom are likely to be the employees of American and JetBlue who developed and implemented the NEA.  Courts give significant weight to the convenience of the forum for potential witnesses.  *See Dress v. Cap. One Bank (USA), N.A.*, 368 F. Supp. 3d 178, 182 (D. Mass. 2019).  Neither Defendant is located in Massachusetts.  Rather, JetBlue is headquartered in New York and many of its crewmembers reside there.  *See* Compl. ¶ 19.  Five of the six current JetBlue crewmembers who testified at trial in the DOJ Action live and work in the New York metropolitan area.  And although American is headquartered in Texas, it

---

[6] Similarly, the court in *Goggins v. All. Cap. Mgmt., L.P.*, held that "[c]oncerns over judicial efficiency outweigh all other factors . . . and are dispositive of the issue" on a motion to transfer where the judge in the transferee court "has welcomed all related cases" and had "already consolidated . . . six actions filed against [the defendant] making virtually the same factual allegations."  279 F. Supp. 2d 228, 234–35 (S.D.N.Y. 2003).

operates a hub in New York City, which makes the EDNY a more convenient venue for American's employees as well. *Id.* ¶ 18. This weighs heavily in favor of transferring this case to the EDNY. *Dress*, 368 F. Supp. 3d at 182 (finding convenience of witnesses favors transfer where the plaintiff was one of potentially many witnesses nationwide while the defendant was headquartered in the transferee district where most of its relevant employee witnesses were located).

On the other hand, Plaintiff's choice of forum bears little weight because she alleges a nationwide class action, Compl. ¶ 255, and "when a plaintiff brings suit on behalf of a nationwide class, her forum choice deserves considerably less weight." *Wiley*, 667 F. Supp. 2d at 174; *see also Ridenti v. Google LLC*, 530 F. Supp. 3d 164, 168 (D. Mass. 2021) ("[A]lthough there is, typically, a presumption in favor of plaintiff's choice of forum, that choice is accorded less weight here, wherein plaintiff asserts class claims in a second-filed putative class action.").

Therefore, if the Court declines to dismiss or transfer this case under the first-to-file rule, it should transfer the case to the EDNY under 28 U.S.C. § 1404(a).

## III.   THE DOJ ACTION SHOULD HAVE NO BEARING ON THIS MOTION

Finally, under either the first-to-file rule or § 1404(a), the pending DOJ Action does not justify maintaining a parallel action in this Court.

First, the DOJ Action does not trigger the first-to-file rule. There is no overlap between the plaintiffs in the DOJ Action (brought by the DOJ and state attorneys general) and the instant action. That alone renders the rule inapplicable. *Behring Reg'l Ctr. LLC v. Wolf*, No. 20-CV-09263, 2021 WL 1164839, at *2 (N.D. Cal. Mar. 26, 2021) ("Court is not aware of any, where a court transferred a case under the first-to-file rule when there was no overlap in parties on one side of the 'v'."); *Tate-Small v. Saks Inc.*, No. 12 CV 1008(HB), 2012 WL 1957709, at *2 (S.D.N.Y. May 31, 2012) (cases were not "substantially similar" absent "overlap among plaintiffs between

the class actions"). But the issues to be addressed in each case are also different. Plaintiff will need to prove that a class action is appropriate and that she and the class she seeks to represent are entitled to damages. Plaintiff must also prove antitrust impact and calculate damages. None of these issues appeared in the DOJ Action. Thus, the two cases do not raise substantially similar issues. *Gardner v. GC Servs., LP*, No. 10-CV-997, 2010 WL 2721271, at *6–7 (S.D. Cal. July 6, 2010) (no substantial similarity where the second action seeks additional relief that undermines "significant conservation of judicial resources").

Nor does the DOJ Action weigh against transfer under 28 U.S.C. § 1404(a). Discovery and trial in the DOJ Action ended months ago, so there cannot be any coordination of any kind with this putative class action (nor should there be, given the different issues presented). Therefore, as between the DOJ Action and this case, there will not be any duplication of efforts. By contrast, *not* transferring this action to the EDNY would result in entirely duplicative proceedings.

In short, any efficiencies stemming from this Court's familiarity and experience with the facts underlying the NEA are plainly outweighed by the risks, costs, and inconveniences of litigating two nearly identical cases (this action and the Consolidated Action) in separate courts at the same time.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss or transfer this case in deference to the EDNY under the first-to-file rule or, in the alternative, transfer it under 28 U.S.C. § 1404(a).

Dated: March 16, 2023

Respectfully submitted,

/s/ Marguerite M. Sullivan
Marguerite M. Sullivan (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
Seung Wan Paik (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
allyson.maltas@lw.com
andrew.paik@lw.com

David C. Tolley (BBO #676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant*
*American Airlines Group Inc.*

/s/ Richard Schwed
Richard Schwed (*pro hac vice*)
Matthew L. Craner (*pro hac vice*)
Jessica K. Delbaum (*pro hac vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5445
rschwed@shearman.com
matthew.craner@shearman.com
jessica.delbaum@shearman.com

Brian Hauser (*pro hac vice*)
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 508-8005
brian.hauser@shearman.com

16

Glenn A. MacKinlay, BBO #561708
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6548
gmackinlay@mccarter.com

*Attorneys for Defendant*
*JetBlue Airways Corporation*

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

<u>/s/ Marguerite M. Sullivan</u>
Marguerite M. Sullivan

17