UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNE BUEHLER, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JETBLUE AIRWAYS CORPORATION and AMERICAN AIRLINES GROUP INC.,<br><br>　　　　Defendants. | Civil Action No.: 1:23-cv-10281-LTS |

**MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF
MOTION TO DISMISS OR TRANSFER
UNDER THE FIRST-TO-FILE RULE OR 28 U.S.C. § 1404(A)**

Defendants American Airlines Group Inc. ("American") and JetBlue Airways Corporation ("JetBlue"), by and through their counsel, hereby jointly move under Local Rule 7.1(b)(3) for leave to file a five-page reply memorandum to address the misleading arguments in Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer under the First-to-File Rule or 28 U.S.C. § 1404(a) (the "Opposition"), ECF No. 24.

Plaintiff does not dispute that a first-filed and largely identical consolidated action exists in the Eastern District of New York ("EDNY") but instead argues that this Court should ignore the requirements of both the first-to-file rule and 28 U.S.C. § 1404(a) in order to retain separate and duplicative jurisdiction of this case. Plaintiff's argument for such an inefficient result is premised on three patently incorrect arguments.

First, Plaintiff wrongly argues that transfer would "allow Defendants to trim her claims and allegations" because litigating in the EDNY would prevent her from bringing the same claims

on behalf of the same proposed class. This is false, as Plaintiff will have the opportunity to participate in amending the complaint and advocate for incorporating all of her allegations into a Second Consolidated Amended Complaint, the timing and procedure for which has already been provided for in the first-filed consolidated action. Minute Order, *In re Am. Airlines/JetBlue Antitrust Litig.*, No. 22-cv-07374 (E.D.N.Y. Mar. 6, 2023).

Second, Plaintiff's argument that the first-to-file rule should not apply because the trial transcripts from the prior action brought against Defendants by the Department of Justice ("DOJ") and several state attorneys general—*United States v. Am. Airlines Grp. Inc.*, 21-cv-11558 (D. Mass.) (the "DOJ Action")—were not available earlier is meritless. Private plaintiffs routinely pursue antitrust claims without depending on a corresponding government case, much less complete copies of trial transcripts. Further, some post-trial submissions were made publicly available as far back as December 2, 2022, prior to the filing of the first EDNY complaint. There was no need for Plaintiff to wait for public transcripts to craft her complaint, as there was ample opportunity for interested persons, including Plaintiff, to attend the trial remotely or in person and ascertain their claims. Moreover, Plaintiff's characterization of the EDNY plaintiffs as "racing to the courthouse" is misleading and incorrect, given that the first EDNY complaint was filed fifteen months after the DOJ filed its complaint and after a full public trial.

Finally, Plaintiff's assertion that dismissal or transfer of this case would be inefficient because it would force a court in EDNY to adjudicate substantially similar issues misses the mark. That claim wrongly assumes that a denial of Defendants' motion would transfer the EDNY cases to this Court. Rather, litigating this action in this Court would create a situation where two courts in different jurisdictions would be overseeing the same tasks in a second parallel and duplicative litigation. Similarly, Plaintiff vastly overstates purported efficiencies to be gained from the Court's

oversight of the DOJ Action. The Court's prior rulings regarding discovery and sufficiency of the complaint would not automatically apply to this action—nor should they, given that many of the orders were tailored to the unique issues involved in government litigation.

WHEREFORE, Defendants respectfully request that the Court allow this motion and grant them leave to file a reply memorandum.

Dated: April 6, 2023                                               Respectfully submitted,

/s/ Marguerite M. Sullivan
Marguerite M. Sullivan (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
Seung Wan Paik (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
allyson.maltas@lw.com
andrew.paik@lw.com

David C. Tolley (BBO# 676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant
American Airlines Group Inc.*

/s/ Richard Schwed
Richard Schwed (*pro hac vice*)
Matthew L. Craner (*pro hac vice*)
Jessica K. Delbaum (*pro hac vice*)

3

                         Shearman & Sterling LLP
                         599 Lexington Avenue
                         New York, NY 10022
                         Telephone: (212) 848-5445
                         rschwed@shearman.com
                         matthew.craner@shearman.com
                         jessica.delbaum@shearman.com

                         Brian Hauser (*pro hac vice*)
                         Shearman & Sterling LLP
                         401 9th Street, NW
                         Washington, DC 20004
                         Telephone: (202) 508-8005
                         brian.hauser@shearman.com

                         Glenn A. MacKinlay, BBO #561708
                         McCarter & English, LLP
                         265 Franklin Street
                         Boston, MA 02110
                         Telephone: (617) 449-6548
                         gmackinlay@mccarter.com

                         *Attorneys for Defendant*
                         *JetBlue Airways Corporation*

## **LOCAL RULE 7.1 CERTIFICATION**

     Pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that Defendants have conferred with counsel for Plaintiff in a good faith effort to resolve or narrow the issues raised in this motion, and Plaintiff does not oppose this motion.

                         /s/ Marguerite M. Sullivan
                         Marguerite M. Sullivan

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

                                                    /s/ Marguerite M. Sullivan
                                                    Marguerite M. Sullivan