UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNE BUEHLER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>JETBLUE AIRWAYS CORPORATION and AMERICAN AIRLINES GROUP INC.,<br><br>    Defendants. | Civil Action No.: 1:23-cv-10281-LTS<br><br>**LEAVE TO FILE GRANTED ON 04/07/2023** |

**REPLY MEMORANDUM IN SUPPORT OF
AMERICAN AIRLINES GROUP INC. AND JETBLUE AIRWAYS CORPORATION'S
MOTION TO DISMISS OR TRANSFER
UNDER THE FIRST-TO-FILE RULE OR 28 U.S.C. § 1404(A)**

  Defendants American Airlines Group Inc. ("American") and JetBlue Airways Corporation ("JetBlue") respectfully submit this reply memorandum in response to Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer under the First-to-File Rule or 28 U.S.C. § 1404(a) (the "Opposition"), ECF No. 24.  Plaintiff does not dispute that she filed her case in this Court months after similarly situated plaintiffs filed nearly identical complaints in the Eastern District of New York ("EDNY").  Instead, Plaintiff argues that this Court should ignore the requirements of both the first-to-file rule and 28 U.S.C. § 1404(a) in order to retain separate and duplicative jurisdiction over this case.  Plaintiff provides no justification at all for this Court to pursue this inefficient and unnecessary path.  This Court should dismiss this case or transfer it to the EDNY under either the first-to-file rule or 28 U.S.C. § 1404(a).

  Plaintiff's Opposition is premised on three patently incorrect arguments.

1

***First***, Plaintiff wrongly asserts that transfer would "allow Defendants to trim the claims and allegations against them and the class of individuals to whom they may be liable" because litigating in the EDNY would not allow her to bring the same claims on behalf of the same proposed class. Opp. at 8. That is not true. As Defendants explained in their opening brief, the EDNY has vacated the schedule in the consolidated case in anticipation of the possible transfer of *Buehler* to the EDNY. Minute Order, *In re American Airlines/JetBlue Antitrust Litig.*, No. 22-cv-07374 (E.D.N.Y. Mar. 6, 2023). The court further ordered that, within 21 days of transfer and consolidation of *Buehler* into the Consolidated Action, the collective plaintiffs are to file their Second Consolidated Amended Complaint, to which Defendants will then respond. *Id.* The entire purpose of this process is to allow ***all*** of the private plaintiffs who are (or will be) before the EDNY to file a further consolidated, amended complaint that includes ***all*** of the claims and allegations (including the alleged class definition) that they wish to include.[1] Plaintiff Buehler will be able to participate in that process, and the plaintiffs collectively can decide whether to plead Plaintiff Buehler's Section 2 claims, which EDNY Plaintiff Kupferberg also has pleaded, or her proposed class definition. *See* Compl. ¶¶ 118–57, *Kupferberg v. Am. Airlines Grp. Inc.*, No. 23-cv-01220 (E.D.N.Y. Feb. 15, 2023), ECF No. 1.[2]

---

[1] Plaintiff's assertion that the EDNY's scheduling order is a product of misrepresentations, *see* Opp. at 11–12, is also wrong. Defendants informed that court that they were in discussions with Buehler regarding a transfer, and that those discussions would result in either a stipulation or court order, ***before*** Buehler informed Defendants that she intended to oppose Defendants' transfer motion. *Compare* Defs.' Ltr. Regarding Br. to Court at 1, *In re American Airlines/JetBlue Antitrust Litig.*, No. 22-cv-07374 (E.D.N.Y. Feb. 27, 2023), ECF No. 37, *with* Decl. of Marguerite Sullivan, Ex. 1 at 1–2.

[2] This procedure resolves Plaintiff's purported concerns but in any event, the law does not require that cases dismissed or transferred under the first-to-file rule be "subsumed in the first action" as Plaintiff claims. *See, e.g., Thakkar v. United States*, 389 F. Supp. 3d 160, 173 (D. Mass. 2019) ("Parties may be sufficiently similar even where only one of several defendants in the second filed action is the same as the first filed action." (internal quotations omitted)); *Norrid v. D.A.R.P., Inc.*, No. 17-CIV-401-RAW, 2018 WL 2977384, at *3 (E.D. Okla. June 13, 2018) ("Courts have

***Second***, Plaintiff's argument that the first-to-file rule should not apply because the trial transcripts from the prior action brought against Defendants by the Department of Justice ("DOJ") and several state attorneys general—*United States v. Am. Airlines Grp. Inc.*, 21-cv-11558 (D. Mass.) (the "DOJ Action")—were not available earlier is meritless. As an initial matter, private plaintiffs routinely pursue antitrust claims without depending on a corresponding government case, much less complete copies of trial transcripts. Further, the DOJ action was conducted publicly with ample opportunity for interested persons to attend remotely or in person, and any private plaintiff could have relied on that evidence to attempt to craft a complaint at any time during or after the trial. And the DOJ's post-trial submissions were made publicly available with minimal redactions on December 2, 2022, prior to the filing of the first EDNY complaint. There was no need to wait for official transcripts, and Plaintiff's characterization of the EDNY plaintiffs as "winning the race to the courthouse," Opp. at 12—fifteen months after the DOJ filed its complaint, and after a full public trial—is misleading and incorrect.

***Finally***, Plaintiff's assertion that it would be more efficient to keep this action in this Court because otherwise a second court would have to "familiarize itself with the facts, adjudicate the sufficiency of claims, establish procedural orders like ESI protocols and protective orders, and navigate discovery disputes" also misses the mark. Opp. at 10. In particular, a denial of Defendants' motion would not result in the transfer of the EDNY cases to this Court. Rather, it would create a situation where two different courts in different jurisdictions would be overseeing substantially similar litigations and conducting identical, parallel tasks. The first-to-file rule was

---

previously observed the first-to-file rule when the first-filed class is a subset of the second-filed class."). Ignoring the obvious solution of permitting amended complaints post-transfer and instead allowing plaintiffs to sidestep the first-to-file rule merely by tacking on additional purported class members or claims premised on the same underlying facts would render the first-to-file rule "illogical and self-defeating." *Norrid*, 2018 WL 2977384, at *3.

3

created to avoid precisely that outcome.

Plaintiff also vastly overstates any purported efficiency that would be gained by the fact that this Court ruled on the "sufficiency of factual allegations," "rules facilitating discovery and confidentiality issues," "discovery disputes," waiver of privilege, "ESI protocols," and "protective orders" in the DOJ Action. Opp. at 9–10. The DOJ Action was a separate case involving different plaintiffs. The Court's orders from that case would not automatically apply to this action if *Buehler* remained in this Court. *See, e.g.*, Order at 1, *Edo Corp. v. Technip-Coflexip*, No. 3-cv-00597TC (D. Utah Nov. 15, 2004), ECF No. 34 ("[A]ny protective order the parties entered in other litigation is not binding on this court."); *see also Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 532 (1st Cir. 1996) ("Discovery matters are for the informed discretion of the district court, and the breadth of that discretion in managing pre-trial mechanics and discovery is very great."). Indeed, many of those orders were tailored to the unique issues involved in government litigation (e.g., statutory carveouts from the protective order, privilege log carveouts for certain communications between government agencies). Therefore, this case will not benefit from any of those prior orders.[3] This Court is definitely familiar with the Northeast Alliance; that much is true. But this Court's familiarity with the Northeast Alliance alone does not justify requiring Defendants to litigate two nearly identical cases in two different jurisdictions at the same time.

Plaintiff's Opposition only further emphasizes that transfer or dismissal of this Action will serve the interests of convenience and justice. Litigating myriad issues in parallel proceedings in two different jurisdictions would be highly inefficient and risk inconsistent judgments. On the

---

[3] Even if there were some marginal benefit, it would not come close to satisfying the exception to the first-filed rule, which requires "the balance of convenience [to] substantially favor[ ] the second-filed action." *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 127 (D. Mass. 2012).

4

other hand, consolidation of this action with the consolidated action in the EDNY will allow a single court to efficiently manage the overlapping issues.

For the reasons set forth above, and in Defendants' Motion, Defendants respectfully request that the Court dismiss or transfer this case in deference to the EDNY under the first-to-file rule or, in the alternative, transfer it under 28 U.S.C. § 1404(a).

Dated: April 7, 2023

Respectfully submitted,

/s/ Marguerite M. Sullivan
Marguerite M. Sullivan (*pro hac vice*)
Allyson M. Maltas (*pro hac vice*)
Seung Wan Paik (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
marguerite.sullivan@lw.com
allyson.maltas@lw.com
andrew.paik@lw.com

David C. Tolley (BBO #676222)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001
david.tolley@lw.com

*Attorneys for Defendant American Airlines Group Inc.*

/s/ Richard Schwed
Richard Schwed (*pro hac vice*)
Matthew L. Craner (*pro hac vice*)
Jessica K. Delbaum (*pro hac vice*)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-5445
rschwed@shearman.com
matthew.craner@shearman.com
jessica.delbaum@shearman.com

Brian Hauser (*pro hac vice*)
Shearman & Sterling LLP
401 9th Street, NW
Washington, DC 20004
Telephone: (202) 508-8005
brian.hauser@shearman.com

Glenn A. MacKinlay, BBO #561708
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Telephone: (617) 449-6548
gmackinlay@mccarter.com

*Attorneys for Defendant*
*JetBlue Airways Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ Marguerite M. Sullivan
Marguerite M. Sullivan