# EXHIBIT 1



March 1, 2023

VIA EMAIL

Marguerite M. Sullivan
Allyson Maltas
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004

Matthew L. Craner          Brian Hauser
Shearman & Sterling        Sherman & Sterling
599 Lexington Avenue       401 9th Street, NW
New York, NY  10022        Suite 800
                           Washington, DC  20004


RE:  Waiver of Service in *Buehler v. JetBlue Airways Corp.*, No. 23-cv-10281 (D. Mass)

Dear Counsel:

I write to follow up on our continued communications regarding whether JetBlue Airways Corp. and American Airlines Group, Inc. will agree to waive service of process in this case.

On February 7, 2023, we sent letters as required by Federal Rule of Civil Procedure 4(d) requesting that the defendants waive service of process. All parties met and conferred on February 9, 2023. During that call, counsel for both defendants noted that they did not think it necessary to begin formal service of process, and that they required two weeks to discuss waiver of service with their clients.

In a follow up call two weeks later on February 24, 2023, counsel for the defendants proposed that they would agree to waive service of process *if* the plaintiff agreed to a briefing schedule on the defendants' anticipated motion to transfer this matter the to the Eastern District of New York. We promised a response after we had the opportunity to confer with our broader team. We have now done so.

It remains our belief that this matter belongs in the District of Massachusetts, where the Court is presiding over a related case that has been pending for more than a year. We also think that the defendants' desire for a different venue is an issue separate from service of process. Nevertheless, in an effort to come to an agreement

Kristie A. LaSalle
March 1, 2023
Page 2 of 2

on waiver of service of process, we propose that JetBlue and American agree to accept service on or before the thirty-day deadline set forth in my initial letters: March 9, 2023. JetBlue and American will then have one week from the date they accept service to jointly file a single motion to transfer in the District of Massachusetts. In exchange, the plaintiff will agree to a stay of proceedings pending the Court's decision on that motion. We believe this proposal balances the defendants' concern that a motion to transfer be heard before any responsive pleading is due with the plaintiff's concern that this case proceed efficiently without unnecessary delay.

Please let us know if the defendants agree with this proposal. In the event that we do not hear from you by, or this issue remains unresolved as of, March 9, 2023, we intend to promptly serve both defendants, and reserve all rights under Federal Rule of Civil Procedure 4(d)(2).

Sincerely,

**Kristie A. LaSalle**

enc: Waiver of Service Form